UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOLLY NEWMAN, on behalf of herself and all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>DIRECT ENERGY, LP,<br><br>    *Defendant*. | Civil Action No.: 4:23-cv-01388 |

**DIRECT ENERGY'S RENEWED
<u>MOTION TO STRIKE CLASS ALLEGATIONS</u>**

## I. INTRODUCTION

Direct Energy renews its motion to strike the class allegations from this case. Ms. Newman wrongly says this is "an extreme waste" and "an attempt to undermine [a prior] ruling," Doc. No. 65. But allowing Ms. Newman a litigation do-over on a class basis is the path that would lead to a waste of resources and ignore the prior orders' reasoning. In *Burk*, Judge Hanks denied certification of a nationwide class that included Ms. Newman and every member of the putative class here. That decision should not be ignored. It is entitled to comity and the serial class allegations in Ms. Newman's complaint should now be stricken.

In Ms. Newman's view, Judge Hanks's denial of class certification in *Burk* is meaningless because she is a different named plaintiff pursuing a narrower class. She is incorrect. Under the Supreme Court's decision in *Smith v. Bayer* and the caselaw applying its principle of comity, Judge Hanks's order creates a presumption that this case should not proceed on a class basis either. That presumption gives the Court discretion to strike her class allegations, and Ms. Newman can only rebut that presumption with proof that a factual or legal change warrants reconsideration of Judge Hanks's decision. Ms. Newman can no longer provide that proof.

When Direct Energy first moved to strike her class allegations in the District of Maryland, Ms. Newman sustained her burden by pointing to potential differences in the Fourth and Fifth Circuits' Rule 23 precedents. But those differences (if any) are no longer relevant now that the case has been transferred; this Court is bound by the same Fifth Circuit precedent Judge Hanks applied in *Burk*. The grounds for this motion are wholly consistent with the Maryland Court's order declining to strike class allegations so it could "evaluate the evidence under its own legal standards." MTD Opinion 16, Doc. 36. Judge Hanks already evaluated the evidence under this Court's legal standards and correctly concluded that the class could not be certified.

Nor can Ms. Newman point to a factual difference between *Burk* and this case that could justify treating her putative class differently than the *Burk* plaintiff's. As the Maryland Court found, the putative class here fully overlaps with the one Judge Hanks considered in *Burk*: "By definition, it would appear that all members of the putative class in this case would also have been members of the putative *Burk* class that was never certified." Transfer Opinion 3 n.1, Doc. 49.

For these reasons, the Court should apply comity and Fifth Circuit precedent, defer to Judge Hanks's denial of class certification, and strike Ms. Newman's class allegations.

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

**A.** ***Burk*: Before filing this case, Ms. Newman's counsel fully litigated the same claims on behalf of the same putative class members in a case before Judge Hanks.**

In February 2019, Ms. Newman's lawyers filed a putative class action in this District on behalf of a plaintiff named Brittany Burk. *See* Ex. A-1, *Burk* Compl. Over the next two and a half years, the parties and the court spent countless hours addressing discovery disputes, many involving third-party and nonparty discovery, through dozens of written submissions and at least ten hearings or court conferences. *See* Ex. A-2, *Burk* Docket, at Docs. 84, 85, 110, 111, 120, 121, 145 (sealed class certification briefing); *id.* at Docs. 127, 133, 150, 156 (sealed expert briefing); *id.* at Docs. 33, 34, 35, 37, 38, 39, 45, 47, 50 (motion for preliminary injunction); *id.* at Docs. 54, 56, 58, 59, 61, 62, 65, 72, 76, 77 (third-party discovery issues); *id.* at Docs. 86, 89, 91, 92 (party discovery issues). In total, the parties appeared before the court sixteen times.

After this immense expenditure of party and judicial resources, Judge Hanks issued an order in September 2021 denying class certification because the evidence showed that "'myriad mini-trials [could not] be avoided'" if a class were certified. *Burk*, 2021 WL 4267146, at *4 (quoting *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008)). Judge Hanks focused on Direct Energy's consent defense, explaining that "the feasibility of determining the

3

existence or absence of consent with class-wide proof" was one of "the pivotal issues highlighted by the record accompanying the parties' class certification briefs." *Id.* Specifically, "Direct Energy . . . presented evidence showing that at least six putative class members, including Burk, provided consent and that TMC obtained contact information and opt-in consent information for members of the putative class from at least three different companies and nine different internet landing pages." *Id.* at *4. And "each side's evidence regarding consent [was] extremely individualized, vehemently contested, and complex enough to require expert testimony." *Id.* Indeed, the parties relied on conflicting affidavits, documentary evidence, and expert testimony to argue that each putative class member's evidence of consent was valid (or invalid) for different reasons. *See id.* at **4–5. Based on this conflicting evidence of consent for putative class members that were part of the broader *Burk* class (of which the class here is but a subset), Judge Hanks concluded that "under the principles articulated by the Fifth Circuit in *Gene*, Burk ha[d] failed to carry her burden of establishing that the requirements of Federal Rule of Civil Procedure 23 ha[d] been met." *Id.* at *6 (citing *Gene*, 541 F.3d at 328–29 (holding the predominance requirement was not met when at least some class members consented and the defendant "culled fax numbers from a variety of sources over a period of time[] such that class-wide proof of consent [was] not possible")).

**B.     This Case: After failing in this District, Ms. Newman's lawyers tried again in the District of Maryland.**

Four days after Judge Hanks denied class certification in *Burk*, Ms. Burk's lawyers filed the same complaint in the District of Maryland. Although the name on the caption was "Holly Newman" instead of "Brittany Burk," the causes of action and requested relief were identical. *Compare Newman* Compl. ¶¶ 37–44, (Ms. Newman's claims), *and id.* at p. 9 (Ms. Newman's prayer for relief), *with* Ex. A-1, *Burk* Compl. ¶¶ 47–54 (Ms. Burk's claims), *and id.* at pp. 13–14 (Ms. Burk's prayer for relief).

4

The similarities extend to the putative class in each case. Indeed, the putative class in this case is simply a subclass of the one Ms. Newman's lawyers pursued for years in *Burk*:

| ***Burk v. Direct Energy*** | ***Newman v. Direct Energy*** |
|---|---|
| All persons in the <u>United States</u> to whom Defendant placed an artificial or prerecorded voice call . . . from four years prior to the date of this complaint through the date of class certification. | All persons in the[1] [*sic*] <u>Direct Energy's Northeast region</u> to whom Defendant placed an artificial or prerecorded voice call . . . from four years prior to the date of this complaint through the date of class certification. |
| Ex. A-1, *Burk* Compl. ¶ 35 (emphasis added). | *Newman* Compl. ¶ 26 (emphasis added). |

As the Maryland Court noted when ordering transfer to this Court, the overlapping definitions guarantee a near-perfect overlap in class membership. Transfer Opinion 3 n.1, Doc. 49 ("By definition, it would appear that all members of the putative class in this case would also have been members of the putative *Burk* class that was never certified.").[2]

**C.     Transfer: After an initial round of dispositive motions, the Maryland Court transferred Ms. Newman's case to this Court.**

To constrain the inordinate waste of relitigating the same class issues from *Burk*, Direct Energy asked the Maryland Court to dismiss or strike Ms. Newman's class allegations out of comity to Judge Hanks's well-reasoned order denying certification. *See* Mot. to Dismiss or Strike Class Allegations, Doc. 10. The Maryland Court denied that motion because Judge Hanks's ruling was based on Fifth Circuit authority that is not binding in Maryland, which the Maryland Court believed meant it needed "to evaluate the evidence under its own legal standards." MTD Opinion

---

[1] The out-of-place article "the" in Ms. Newman's class definition is left over from the class definition that her counsel copied-and-pasted from the *Burk* complaint.

[2] The Maryland Court also noted that this later-filed class would "presumably encompass additional members" that the *Burk* putative class did not, given that the class definition purports to run through the date of class certification. However, that presumption was mistaken. TMC went out of business while *Burk* was pending, so no additional calls could have been placed on Direct Energy's behalf after Judge Hanks entered his order denying class certification. Thus, it would be impossible for the class in this case to extend beyond the class proposed and rejected in *Burk*.

15–16, Doc. 36.

Following that order, Direct Energy moved to transfer to the Southern District of Texas where relevant defense witnesses reside and evidence is stored, and where this case can be reassigned to Judge Hanks. *See* Mot. to Transfer, Doc. 42. After acknowledging the overlap between this case and *Burk,* as well as Judge Hanks's "extensive familiarity with the issues in this case, having presided over months of discovery disputes and having retained jurisdiction to enforce his Protective Order over certain discovery material," the Maryland Court granted the motion to transfer. Transfer Opinion 2–3, 9, Doc. 49.

Upon transfer, Direct Energy immediately notified the Court of this case's relationship to *Burk, see* Doc. 53, and then moved for reassignment to Judge Hanks to limit the waste caused by Ms. Newman's copycat lawsuit, *see* Doc. 62. That motion is currently pending. And as this motion shows, the Court should further promote efficiency and limit waste by striking Ms. Newman's class allegations altogether and requiring her to pursue her claims, if at all, on an individual basis.

### III.   LEGAL STANDARD: RULE 23(d)(1)(D)

Rule 23(d)(1)(D) authorizes district courts to "'require that the pleadings be amended to eliminate allegations about representation of absent persons.'" Fed. R. Civ. P. 23(d)(1)(D). Such orders are "'functionally equivalent to an order denying class certification,'" *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) (quoting *Microsoft Corp. v. Baker*, 582 U.S. 23, 34 n.7 (2017)), and they can be issued in appropriate cases "on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained." *Id.*

To overcome a motion to strike class allegations under Rule 23(d)(1)(D), "the party seeking certification . . . bears the burden of establishing that the requirements of Rule 23 have been met."

6

*See id.* A district court's decision to strike class allegations is reviewed for an "abuse of discretion." *See id.* (citation omitted).

## IV. ARGUMENT: THE COURT SHOULD STRIKE MS. NEWMAN'S CLASS ALLEGATIONS

### A. *Smith v. Bayer*: The Supreme Court expects district courts to solve the problems of serial relitigation on behalf of a putative class by applying comity.

In *Smith v. Bayer*, the Supreme Court faced a factual scenario quite similar to the one facing this Court now. In *Smith*, as here, the story began when a federal district court denied class certification in a separate lawsuit because "individual issues of fact predominate[d] over issues common to all members of the proposed class." *Smith v. Bayer Corp.*, 564 U.S. 299, 304 (2011). Although that ruling ended the federal case, it did not end the story. Rather, an unnamed member of the putative federal class continued to press the same claims on behalf of the same class in a separate lawsuit subsequently filed in state court. *Id.* at 303, 305.

In *Smith*, the Supreme Court recognized the policy problems raised by this set of facts. If a denial of class certification does not deter members of the unnamed class from refiling the same claims and seeking to certify the same class, then class litigation will become "'an asymmetric system in which class counsel can win'" by securing class certification, but they can never truly lose. *Id.* at 316 (quoting *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 333 F.3d 763, 767 (7th Cir. 2003), *abrogated by Smith*, 564 U.S. at 316–17). Absent intervention by district courts, class counsel who try and fail to secure class certification in one case can repeatedly try again "by the simple expedient of changing the named plaintiff in the caption of the complaint," and they can repeat that process as long as it takes until they find a judge who will grant class certification that was previously denied. *Id.* at 316 (cleaned up).

Applying pre-*Smith* precedent, the lower courts in *Smith* solved this problem by enjoining the class members' attempt to relitigate class certification under the Anti-Injunction Act's

7

relitigation exception. *See Smith*, 564 U.S. at 305. The Supreme Court reversed, explaining the injunction violated the Anti-Injunction Act and was inconsistent with the Court's "constrained approach to nonparty preclusion." *Id.* at 313. However, the Court was quick to note that injunctions and formal preclusion are not the only solutions for the "special problems of relitigation" posed by class actions. *Id.* at 317.

One potential solution the Supreme Court described is relevant here: instead of resorting to the "heavy artillery" of injunctive relief and violating the rule against nonparty preclusion, *id.* at 308, 317, the Supreme Court "expect[s] federal courts" to solve the problem of serial relitigation by "apply[ing] principles of comity to each other's class certification decisions when addressing a common dispute," *id.* at 317.

The Seventh Circuit has noted "[t]he version of comity announced" in *Smith* was both "novel" and "dictum." *Smentek v. Dart*, 683 F.3d 373, 376 (7th Cir. 2012). But in the Fifth Circuit, the fact that *Smith* described this principle of comity in dictum does not lessen its binding force. To the contrary, the Fifth Circuit has acknowledged that its courts are "generally bound by Supreme Court dicta, especially when it is 'recent and detailed.'" *See Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016) (quoting *Geralds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013)); *cf.* MTD Opinion 13, Doc. 36 (stating "the statement from *Smith v. Bayer* relied on by Defendant is clearly dicta").

To fulfill the unanimous Supreme Court's expectation of comity, lower courts have developed a post-*Smith* framework to define the relevant principles of comity and guide their application. Judge Bea's concurrence in *Baker v. Microsoft* gives the clearest articulation of that framework. *See Baker v. Microsoft Corp.*, 797 F.3d 607, 616 (9th Cir. 2015) (Bea, J., concurring), *rev'd on other grounds and remanded*, 582 U.S. 23 (2017). Under that framework—which is

drawn from an ALI publication the Supreme Court cited repeatedly in *Smith*—a district court's denial of class certification creates "a rebuttable presumption" in subsequent cases "that the litigation is not amenable to class action treatment." *See Microsoft*, 797 F.3d at 619 (Bea, J., concurring); *id.* at 616 (proposing a framework for comity that would "adopt the rebuttable presumption of correctness suggested by the ALI"); Am. Law. Inst., Principles of the Law of Aggregate Litigation § 2.11 (2010) ("A judicial decision to deny aggregate treatment for a common issue or for related claims by way of a class action should raise a rebuttable presumption against the same aggregate treatment in other courts as a matter of comity."); *see also Smith*, 564 U.S. at 310 (citing the Reporters' Notes to § 2.11 of the ALI's Principles of the Law of Aggregate Litigation); *id.* at 316 n.11 (same).

When a district court has denied class certification, a copycat case should not be permitted to proceed on a class basis unless the plaintiff rebuts the presumption by either: (1) offering "proof . . . that shows a change in factual or legal circumstances since the entry of the earlier order," or (2) "showing that the earlier district court ruling was based on clear error." *Id.* In the years since *Smith*, district courts have repeatedly applied this burden-shifting framework to strike class allegations. *See, e.g.*, *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1068 (D. Or. 2014) (striking class allegations from a TCPA case out of comity given previous denial of class certification due to issues of consent that could not "be resolved on a classwide basis"); *Edwards v. Zenimax Media, Inc.*, No. 12-CV-00411-WYDKLM, 2012 WL 4378219, at *3 (D. Colo. Sept. 25, 2012) (striking class allegations on behalf of a statewide class that was "virtually identical" to a nationwide class that was previously denied certification); *Baker v. Home Depot USA, Inc.*, No. 11 C 6768, 2013 WL 271666, at *5 (N.D. Ill. Jan. 24, 2013) (applying the doctrine of comity and striking class allegations that were "materially identical" to those in prior cases that denied class

9

certification); *McCabe v. Lifetime Ent. Servs.*, No. 17-CV-908-ERK-SJB, 2018 WL 1521860, at *16 (E.D.N.Y. Jan. 4, 2018) (invoking the doctrine of comity and dismissing class claims).

Given Judge Hanks's class certification denial in *Burk* and the Supreme Court's expectation of comity in these circumstances, this Court should apply the ALI's burden-shifting framework to evaluate Ms. Newman's class allegations in this case.

**B.  Judge Hanks's class certification denial creates a presumption that Ms. Newman's class allegations should be stricken, and Ms. Newman cannot rebut it.**

Under the rebuttable-presumption framework, Judge Hanks's class certification denial unquestionably creates a presumption against Ms. Newman's class allegations. As the Maryland Court observed when it transferred the case here, Ms. Newman and "all the members of the putative class" defined in her complaint are "[b]y definition" encompassed within the geographic class that Judge Hanks already declined to certify. Transfer Opinion 3 n.1, Doc. 49. Nor is there any difference in the substantive claims at issue in this case and *Burk*—to the contrary, the class allegations and legal theories are identical.

Given the overlap between the class claims in *Burk* and the ones asserted here, Ms. Newman has the burden to rebut the presumption in favor of comity. She cannot do so. Although this case might have been decided under different legal standards if the case had proceeded in Maryland under the Fourth Circuit's guidance, any such differences evaporated when Fifth Circuit precedent became binding upon transfer to this Court. And because the applicable law here is the same as in *Burk*, there is no need for the parties to "engage[] in discovery" so that the Court can "evaluate the evidence under its own legal standards."[3] MTD Opinion 16, Doc. 36. The entire point

---

[3] In Maryland, Ms. Newman tried to exploit the Maryland Court's lack of access to the sealed filings in *Burk* by selectively (and improperly) submitting small excerpts of sealed filings that the Maryland Court could not view in their full context. *See* MTD Reply 8 n.3, Doc. 30 (clarifying that Ms. Burk's expert submitted evidence for a nationwide class, not just a Texas

10

of comity is to avoid that sort of waste. Ms. Newman's counsel cannot bootstrap their desire for a do-over into a justification for subjecting the Court and Direct Energy to repeat discovery and litigation—especially when the same law and facts will lead to an identical result.[4]

Nor is the narrower class definition in this case a reason to revisit class certification. As the Fifth Circuit recently explained, "'[s]ubclass' is not a magic word that remedies defects of predominance," *Elson v. Black*, 56 F.4th 1002, 1007 (5th Cir. 2023). Simply narrowing a class definition does not warrant starting over from scratch. Ms. Newman was a member of the nationwide class that was denied certification in *Burk*, and she can offer no valid basis for a different outcome in this case. Transfer Opinion 3 n.1, Doc. 49. And plainly, if *Burk* had been certified, this case would not have been filed four days later.

Finally, Ms. Burk's decision to voluntarily abandon her case instead of even attempting to appeal Judge Hanks's denial of class certification means that Ms. Newman cannot possibly establish that Judge Hanks's "ruling was based on clear error." *Microsoft*, 797 F.3d at 619. And in any event, Judge Hanks's soundly reasoned opinion is its own proof against any accusation that he committed error that warrants starting the litigation anew.

In a TCPA class action with nearly identical circumstances, *Ott v. Mortgage Investments Corporation of Ohio*, the District of Oregon faithfully applied *Smith*'s principle of comity when faced with an "effort by plaintiffs' counsel to make an end-run around [an] adverse ruling by

---

class); Transfer Mot. Reply 8, Doc. 47 (same). But this Court could simply transfer the case to Judge Hanks and put any self-serving submissions into their full evidentiary context. Any attempt by Ms. Newman to oppose this motion by describing sealed filings as she did in the Maryland Court would only militate in favor of reassignment to Judge Hanks.

[4] Of course, the outcome of this motion has no bearing on Ms. Newman's ability to pursue her *individual* claim. Judge Hanks's denial of class certification in *Burk* means that she never became a party to that case and that she is not subject to any preclusion as a result. It is only Ms. Newman's *class* allegations that are at issue on this motion.

attempting to certify the same classes [there] with different class representatives." *Ott*, 65 F. Supp. 3d at 1068. In *Ott*, as here, the defendant asked the district court to strike a TCPA plaintiff's class allegations[5] based on another court's previous decision to deny certification of the same class. *Id.* In granting that motion to strike, the District of Oregon noted that the defendant's evidence of consent in the first action came "from multiple sources," and there was "no reason for this court to believe that [the defendant's] evidence [would] differ in [the second] action." *Id.* at 1067. Those facts will sound familiar because that is precisely the kind of consent evidence that defeated predominance in *Burk*. *See Burk*, 2021 WL 4267146, at *6 (noting "the record in [*Burk*]" contained varied evidence from multiple different "lead sources used to obtain consent"). Ms. Newman has never offered any reason to think Direct Energy's consent evidence in this case will be different from the evidence presented in *Burk*. Nor can she.

Similarly, in *Edwards v. Zenimax Media, Inc.*, the District of Colorado likewise invoked *Smith* comity to strike deficient class allegations when a plaintiff pleaded claims on behalf of a statewide class that were "virtually identical" to nationwide class claims that were previously denied certification. *Edwards*, 2012 WL 4378219 at *3.

The decisions in *Ott* and *Edwards* (and other federal cases) show that the Supreme Court's expectation in *Smith* was justified: comity can and does prevent "a world of serial relitigation of class certification" decisions. *Smith*, 564 U.S. at 316.

---

[5] The *Ott* plaintiff sought to represent two additional classes that were not subject to comity principles. The Court referred to the three classes as the "Cell Phone Class," the "Internal-Do-Not-Call Class," and the "National Do-Not-Call Class." *Ott*, 65 F. Supp. 3d at 1061–62. Only the Internal-Do-Not-Call Class raised issues of comity, as that was the only class that the previous court declined to certify on a basis that was disputed in both cases. *See id.* at 1064 (noting that the previous decision "did not address the Cell Phone Class" and "ruled in favor of plaintiffs on the FRCP 23(b) issue" of predominance "for the National Do–Not–Call Class"); *id.* (noting that the *Ott* defendant did not challenge numerosity, which was the basis on which the previous court denied certification of the National Do-Not-Call Class).

Under *Smith*'s principle of comity and the decisions that apply it, Ms. Newman's inability to rebut the presumption of comity due *Burk* gives the Court discretionary authority to strike her class allegations. *See Smith*, 564 U.S. at 304; *Ott*, 65 F. Supp. 3d at 1068; *Edwards*, 2012 WL 4378219, at *3; *Home Depot*, 2013 WL 271666, at *5; *McCabe*, 2018 WL 1521860, at *16. And under Rule 23(d) and Fifth Circuit precedent, the Court should exercise that authority before the parties and the Court waste their time and resources retaking discovery and relitigating issues they have litigated to finality once before. *See Elson*, 56 F.4th at 1006. Direct Energy and the Court have already spent an exorbitant amount of time and resources on Ms. Burk's failed bid for class certification. Her lawyers are not entitled to endless do-overs every time they find a new class member willing to lend their name to a class action that has already been tested and found lacking.

## IV. CONCLUSION

Accordingly, the Court should strike Ms. Newman's class allegations with prejudice.

Dated: August 14, 2023

Respectfully submitted,

By: /s/Michael D. Matthews, Jr.
Michael D. Matthews, Jr.
State Bar No. 24051009 | Federal ID No. 1062430
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
T: (713) 337-5580
F: (713) 337-8850
matt.matthews@mhllp.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT DIRECT ENERGY, LP**

OF COUNSEL:

McDowell Hetherington LLP
Diane S. Wizig
State Bar No. 24106594 | Federal ID No. 3135116
James M. Chambers
State Bar No. 24092240 | Federal ID No. 2554631
David L. Villarreal
State Bar No. 24095434 | Federal ID No. 3113772
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
diane.wizig@mhllp.com
james.chambers@mhllp.com
david.villarreal@mhllp.com

## **CERTIFICATE OF CONFERENCE**

     I certify that I conferred with counsel for Plaintiff regarding the relief requested in this motion during the parties' Rule 26(f) conference and that counsel confirmed Plaintiff remains opposed to the relief sought herein.

                                          */s/Michael D. Matthews, Jr.*
                                          Michael D. Matthews, Jr.

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been served on the 14th day of August 2023, via CM/ECF on all counsel of record.

                                          */s/Michael D. Matthews, Jr.*
                                          Michael D. Matthews, Jr.